IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVEON MOON,

        Plaintiff,

v.

                                   Case No. 25-cv-1210-NJR

KEVIN MURRAY, SERGEANT PEREZ,
and JACOB GUETERSLOH,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daveon Moon, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Moon alleges that Defendants violated his rights when they used excessive force and failed to obtain him medical treatment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

On January 9, 2024, at approximately 10:00 – 11:45 a.m., Correctional Officer Kevin Murray approached Moon's cell in North 2 and asked if Moon wanted to go to a one-on-one with mental health staff (Doc. 1, p. 6). Moon indicated that he wanted to attend the meeting. When Murray came back to Moon's cell to transport him to the appointment, Moon alleges that Murray seemed aggressive (*Id*.). He instructed Moon to turn around to be cuffed and then overly tightened the cuffs on Moon's wrists (*Id*.). As he was tightening the cuffs, Murray indicated that he wanted to kill him and used a racially derogatory term to describe Moon.

Moon asked Murray why he would say that to him, and Murray replied that he did not appreciate inmates filing PREA reports on officers (Doc. 1, p. 6). Moon inquired as to what report Moon was referring to and Murray noted that Moon should not have filed a PREA complaint against Sergeant Perez while he was at Pontiac Correctional Center (*Id*. at pp. 6-7).

While transporting Moon to mental health staff, Moon alleges that Murray fondled Moon's penis and backside (Doc. 1, p. 7). Moon immediately stated that he wanted to file a PREA complaint against Murray because he was groping Moon. As the pair approached the top of the stairs, Murray allegedly pushed Moon down the stairs (*Id*.). Moon suffered injuries to his left knee, right wrist, and hands (*Id*.). Murray also stated that he would make sure that none of Moon's grievances would be answered (*Id*.). Moon alleges that his injuries were subsequently confirmed by medical staff (*Id*.). He was placed on crisis

watch for several days due to the mental health episodes allegedly triggered by the assault (*Id*.).

After the assault, Moon wrote numerous grievances and attempted to contact his counselor (Doc. 1, p. 7). Counselor Jacob Guetersloh spoke to Moon in August or September 2024 and said that he did not favor African American inmates, referring to Moon by a racial slur (*Id*.). Moon informed officers that he wanted to file a grievance against Guetersloh, but the gallery officer he spoke to left his post without providing Moon with a grievance (*Id*.). Moon was unable to complain about the incidents involving Murray, Perez, and Guetersloh (*Id*.).

Also after the assault, Moon alleges that he needed follow-up medical attention (Doc. 1, p. 8). He informed several nurses who passed by his cell, but they informed him that they were not allowed to provide him with medical care on the orders of Jacob Guetersloh and Kevin Murray (*Id*.).

### Preliminary Dismissals

Although Moon lists Sergeant Perez as a defendant in the case caption he only alleges that Murray referred to a PREA complaint Moon filed against Perez (Doc. 1, p. 6). Moon fails to include any of the allegations regarding the events that led to that complaint. He later states that he seeks to allege an Eighth and Fourteenth Amendment violation by Perez for sexually assaulting him but fails to offer any facts regarding the

assault or when it occurred. His threadbare allegations regarding Perez fail to state a claim. Thus, any claim against Perez is **DISMISSED without prejudice**.[1]

Moon also alleges that Jacob Guetersloh violated his Fourteenth Amendment rights by using racially derogatory language and for "ignoring [his] multiple other grievance issues." (Doc. 1, p. 8). But the use of racially derogatory language, on its own, does not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). As to Guetersloh, Moon merely alleges that he used a racial slur when talking to him. Further, his allegations regarding his claim under the First Amendment are threadbare. He alleges that Guetersloh spoke to him after writing to his counselors numerous times, but there are no allegations to suggest that Guetersloh specifically denied his request for a grievance or sought to retaliate against him for previous filings. Although Moon alleges that other officers later "disappeared" when he asked for grievances, he fails to allege that Guetersloh was involved in those requests. There are simply no allegations to suggest that Guetersloh violated his rights under either the First or Fourteenth Amendment.

---

[1] The assault involving Perez allegedly took place when Moon was housed at Pontiac Correctional Center. Moon notes that Perez is a sergeant at Pontiac. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought. Moon's claims regarding Perez took place at Pontiac which is located in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). Should Moon wish to proceed with his claims regarding the events at Pontiac, he would need to file a pleading in the United States District Court of the Central District of Illinois.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:**  **Eighth Amendment excessive force claim against Kevin Murray for his assault on Moon.**
>
> **Count 2:**  **Eighth Amendment deliberate indifference to medical needs claim against Kevin Murray and Jacob Guetersloh for prohibiting nurses from tending to Moon's injuries following the assault.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

As to Count 1, Moon alleges that Murray used force and assaulted him on January 9, 2024. He alleges that Murray overly tightened his handcuffs, inappropriately fondled him, and then pushed him down the stairs. At this stage, Moon states a viable claim against Murray in Count 1. Moon also states a viable claim against both Murray and Guetersloh for their alleged directive to deny Moon medical care for his injuries following the assault as alleged in Count 2.

---

[2] This includes any claims under the Fourteenth Amendment. Moon only alleges in conclusory fashion that his rights under the Fourteenth Amendment were violated by Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

With his Complaint, Moon filed a motion for counsel (Doc. 3). Moon states that he had a friend's help in writing his pleading. But Moon fails to indicate whether he has sought counsel on his own. He only notes that his family says they will secure an attorney for him (*Id*. at p. 1).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. Here, Moon fails to indicate his attempts to obtain counsel on his own. Thus, his motion for counsel is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Moon to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

Moon later filed a motion to transfer his case to the Central District of Illinois (Doc. 16). However, the only surviving claims in this case took place while Moon was housed at Menard Correctional Center which is located within the federal judicial district for the Southern District of Illinois. 28 U.S.C. § 93(c). Thus, his remaining claims are in the proper district, and his motion to transfer is **DENIED as moot**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Kevin Murray. Count 2 shall proceed against Kevin Murray and Jacob Guetersloh.

The Clerk of Court shall prepare for Kevin Murray and Jacob Guetersloh: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Moon. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Moon, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

8

Because Moon's claims also involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Moon, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Moon is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  February 4, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**